**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

M.L., et al.,

Plaintiff(s),

v.

Boyd Gaming Corporation, et al.,

Defendant(s).

Case No. 2:26-cv-01310-CDS-NJK

**Order**

[Docket No. 40]

Pending before the Court is a joint discovery plan. Docket No. 40. The parties therein seek a stay of discovery pending resolution of dispositive motions, but the discovery plan does not identify or address the governing standard for that relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). Moreover and significantly, the parties seek to stay their own discovery obligations while allowing subpoenas on non-parties. *See* Docket No. 40 at 2. If there is truly no need for discovery in this case pending resolution of the underlying motions, then it is not clear why non-parties should be required to respond to subpoenas.[1] Accordingly, the Court **DENIES** without prejudice the discovery plan. A proper request to stay discovery must be filed by September 8, 2026.

IT IS SO ORDERED.

Dated: September 1, 2026

Nancy J. Koppe
United States Magistrate Judge

[1] Courts are sensitive to protecting non-parties from improper or unnecessary discovery. *E.g.*, *Scientific Games Corp. v. AGS LLC*, 2018 WL 2292811, at *3 (D. Nev. May 18, 2018) (quoting *High Tech. Med. Instr., Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995)). It would seem backward to find that parties should be permitted to avoid discovery while asking non-parties to do so.